UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LORI CHAVEZ-DEREMER, Secretary of Labor, United States Department of Labor,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LAGUNA VILLAGE RCFE, LLC, a limited liability company; HAVENWOOD, LLC, a limited liability company; CAPITAL SENIOR CARE LLC, a limited liability company; SIGNATURE LIVING RCFE, LLC, a limited liability company; SIGNATURE LIVING ON LAVELLI WAY, LLC, a limited liability company; LAGUNA SPRINGS RCFE, LLC, a limited liability company; EDGAR ENERO, an individual, CHRISTINE KANG ENERO, an individual,<br><br>　　　　Defendants. | No. 2:24-cv-3669 WBS CKD<br><br>ORDER |

----oo0oo----

　　　　The parties have jointly moved to seal Exhibit 3 to the proposed consent judgment, which is a list of the amounts of

1

1 | punitive damages that certain employees will receive pursuant to
2 | the judgment.  (Docket No. 24.)  The parties contend that this
3 | exhibit should be sealed "for the safety of the employees listed
4 | therein" and that they "are concerned that filing Exhibit 3 may
5 | lead to employees to be harassed or targeted because of the money
6 | that they will be receiving under this proposed Consent
7 | Judgment."

8 | A party seeking to seal a judicial record bears the
9 | burden of overcoming a strong presumption in favor of public
10 | access.  See Kamakana v. City & County of Honolulu, 447 F.3d
11 | 1172, 1178 (9th Cir. 2006).  The party must "articulate
12 | compelling reasons supported by specific factual findings that
13 | outweigh the general history of access and the public policies
14 | favoring disclosure, such as the public interest in understanding
15 | the judicial process." Id. at 1178-79 (citation omitted).  Such
16 | interest is even stronger where the action is brought by the
17 | federal government, as is the case here.

18 | The parties do not explain why disclosing these
19 | punitive damages may subject the specified employees to
20 | harassment or targeting, nor the likelihood that this may occur,
21 | nor why this risk outweighs the public interest in favor of
22 | disclosure.  Plaintiffs in civil actions receive monetary awards
23 | by way of judgment or settlement, often in substantial sums, all
24 | the time.  The fact that the receipt of such awards might cause
25 | them to be envied or disliked, or even to feel threatened, is not
26 | a valid ground for shielding the court's award from public view.
27 | If the court were to seal the judgment in this case, the next
28 | step would be to seal the judgments in all cases where plaintiffs

2

were awarded damages, and the courts would become more like secret private mediators than transparent public forums.

Moreover, the court notes that numerous wage and hour suits have been filed and settled in this and other districts without any need for sealing of the settlements, and it is not at all clear why this case should be handled any differently. Indeed, all the names of these employees have already been listed in Exhibit A to the Secretary's complaint, which was not filed under seal.  (See Docket No. 1 at 14.)  Because plaintiff does not articulate compelling reasons for sealing, as required by Kamakana, the request to seal (Docket No. 24) is DENIED.

IT IS SO ORDERED.

Dated: July 15, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3